UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Application of | ) |
| | ) |
| COMMITTEE ON FINANCE | ) Misc. No: 07-0134 (TFH) |
| WASHINGTON, D.C. 20510 | ) |
| | ) |
| For a Writ of Habeas Corpus | ) |
| Ad Testificandum. | ) |
| | ) |

## REPLY IN SUPPORT OF EMERGENCY MOTION TO QUASH

The Bureau of Prisons ("BOP"), though undersigned counsel, respectfully files this reply in support of its April 9, 2007 emergency motion to quash.[1]

## ARGUMENT

### I.  THE COMMITTEE ON FINANCE HAS CONCEDED THAT THE APRIL 4, 2007 WRIT ISSUED BY THIS COURT IS DEFECTIVE

It is well accepted in this Circuit that, when a party files a motion, and the opposing party files an opposition addressing only certain arguments, those arguments not addressed are conceded. See Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).

---

[1] The Committee complains that BOP has created the current emergency. To the contrary, if the Committee had not filed its application ex parte and properly served it to the Department of Justice, an opposition could have been filed days earlier.

The motion of the Bureau of Prisons asserted that the April 4, 2007 writ was defective for several reasons, the following of which the Committee failed to address in its opposition. First, BOP asserted that the writ failed to name the custodian of Inmate Soukas and, therefore, was defective as a matter of law. See Emergency Motion to Quash p. 3-4.[2] Second, BOP argued that under the plain language of the Rules governing the Committee on Finance, the Committee lacked authority to request a writ of habeas corpus ad testificandum, pointing out that under these Rules, the Committee had only the authority to issue a subpoena. Emergency Motion to Quash p.6. Finally, BOP argues that safety concerns, as well as the other factors necessary for a court to issue a writ of habeas corpus ad testificandum were absent from this case, and certainly absent from the Committee's application for such a writ. Emergency Motion to Quash pp.6-8.

The Committee's opposition failed to address these factors and, therefore, has conceded that (1) the April 7, 2007 writ was defective as a matter of law, (2) that the Committee lacks the legal authority to request such a writ and (3) that the factors necessary for the issuance of the writ are lacking. Accordingly, this Court should quash the April 4, 2007 writ and, because the Committee is without legal authority to request another, refuse to reissue a new writ.

---

[2] This argument is further supported by the United States Supreme Court's decision in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34 (1985). In that case, United States Supreme Court examined the question of whether or not a District Court could order through a writ of habeas corpus ad testificandum the Marshals Service to transport someone to Court when the Marshals Service did not have custody of that prisoner. The Court expressly held the answer to that question is *no*. Specifically, the Supreme Court held that "we find no evidence in the language of §§ 2241 and 2243, in their legislative history, or in the common law writ of habeas corpus ad testificandum to suggest that the courts are also empowered to cause third parties who are neither custodians nor parties to the litigation to bear the costs of producing prisoners in federal court." 474 U.S. at 39. The Court also rejected the claim that, absent extraordinary circumstances, a district court could issue such a writ under the All Writs Act, 28 U.S.C. § 1651. Pennsylvania Board, 474 U.S. at 42.

II. **BECAUSE THE LEGAL AUTHORITY FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM ARISES SOLELY FROM 28 U.S.C. § 2241(c)(5), WHICH AUTHORIZES A WRIT ONLY FOR COURT TESTIMONY, THIS COURT LACKS JURISDICTION TO ISSUE A WRIT FOR CONGRESSIONAL TESTIMONY**

The Committee argues that the habeas statute authorizes the Court to issue a writ if any of the factors enumerated in 28 U.S.C. § 2241 are present because the statute uses the word "or." This simplistic conclusion ignores a simple legal principle – the authority for a Court to issue a writ of habeas corpus as testificandum arises from 28 U.S.C. § 2241(c)(5), not (c)(1-4). See Ballard v. Combs, 557 F.2d 476, 480 (5th Cir. 1977) ("District Courts are expressly granted the power to issue the writ of habeas corpus ad testificandum today.") (citing 28 U.S.C. § 2241(c)(5)). The Ballard Court is not the only Court to so hold. In ITEL Capital Corp. v. Dennis Mining Supply & Equipment, Inc., 651 F.2d 405 (5th Cir. 1981), the Court expressly stated that "Statutory authority for a District court to issue a writ of habeas corpus ad testificandum today is found in 28 U.S.C. § 2241(c)(5). This provision states, "The writ of habeas corpus shall not extend to a prisoner unless . . . (c) it is necessary to bring him *into court* to testify or for trial." 28 U.S.C. § 2241 (emphasis added). Likewise, every court that appears to have examined the issue of a writ of habeas corpus ad testificandum has expressly held that the authority to issue such a writ arises from 28 U.S.C. § 2241(c)(5), not any other statutory provision. See U.S. v. Garrard, 83 F.3d 889, 893 (7th Cir. 1996) ("Under 28 U.S.C.A. § 2241(c)(5), a judge may, in his or her discretion, issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner as a witness in federal court."); U.S. v. Cruz-Jiminez, 977 F.2d 95, 99 (3d Cir. 1992) ("Under 28 U.S.C.A. § 2241(c)(5) (West 1971), a federal court may, in its discretion, issue a writ of habeas corpus ad testificandum to secure the appearance of a state or

3

federal prisoner as a witness in federal court."); U.S. v. Rinchack, 820 F.2d 1557, 1567 n.13 (11th Cir. 1987) ("It is well established that 28 U.S.C.A. § 2241(c)(5) and 28 U.S.C.A. § 1651(a), when read together, empower the district court to issue a writ of habeas corpus ad testificandum."); Ford v. Allen, 728 F.2d 1369, 1370 (11th Cir. 1984) ("Writs of habeas corpus ad testificandum are lawful under 28 U.S.C.A. § 2241(c)(5).").[4]

Because the statute authorizing a district court to issue a writ of habeas corpus ad testificandum authorizes such a writ *only* for court testimony, and not for congressional testimony, this Court lacks jurisdiction to issue such a writ and the April 4, 2007 writ should be quashed.

## III. THE FACT THAT COURTS HAVE ISSUED SUCH WRITS IN THE PAST DOES NOT MAKE IT A PROPER EXERCISE OF THE COURT'S JURISDICTION

The Committee argues that the April 4, 2007 writ is proper because courts have issued such writs in the past. This argument fails. It is a well-accepted principle of law that courts are "not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed upon sub silentio." Independent Petroleum Ass'n of Am. v. Babbit, 235 F.3d 588, 597 (D.C. Cir. 2001). See also Penhurst State Schools & Hospital v. Halderman, 465 U.S. 89, 119 (1984). Thus, the Committee's claim that courts have exercised jurisdiction to issue a writ of

---

[3] Notably, the Committee does not argue that it fits into the "Court" language of 2241(c)(5), instead arguing that the rest of § 2241(c) saves its defective claim.

[4] The Committee's citation to Barber is not to the contrary. Section 2241(c)(5) authorizes writs to be issued for testimony in court, it does not distinguish between testimony for federal and state court.

4

habeas corpus ad testificandum to require Congressional testimony in the past is without merit and does not save the defective writ in this matter.[5]

## CONCLUSION

For the reasons set forth herein, as well as those set forth in the BOP's Emergency Motion to Quash, this Court should quash the April 4, 2007 writ of habeas corpus ad testificandum.

April 10, 2007                              Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

---

[5] Although at note 5, and then on page 7, the Committee's opposition discusses a prior decision of the D.C. Circuit, a reading of the plain language of the Circuit's opinion reveals that the Circuit discussed subpoenas in its analysis, not writs of habeas corpus ad testificandum. See In re the Matter of the Application of the United States Senate Permanent Subcommittee on Investigations, 655 F.2d 1232, 1234 (D.C. Cir. 1981). Moreover, as set forth above, by failing to address BOP's argument that the Committee lacks authority to request a writ, the Committee has conceded this point.

5

## CERTIFICATE OF SERVICE

On April 10, 2007, a true and correct copy of the foregoing was served by facsimile and electronic mail, by agreement of counsel and in lieu of hand delivery, on Morgan Frankel, Assistant Legal Counsel for the United States Senate. The facsimile copy was set to (202) 224-3391, and the electronic copy was delivered to Morgan_Frankel@legal.senate.gov.

John F. Henault
Assistant United States Attorney